# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIE FRISOF,

    Plaintiff,

    v.

SWIFT TRANSPORTATION CO., INC., et al,

    Defendants.

CIVIL ACTION NO. 3:07-CV-2331

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Plaintiff's Complaint alleges various violations of Pennsylvania state tort law. Plaintiff claims federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1.)

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

Plaintiff's Complaint alleges that Defendants Swift Transportation Co.; Swift Transportation Corp.; and Swift Leasing Corp. are Arizona corporations that do business in Pennsylvania and New York. (Compl. ¶¶ 3-5, Doc. 1.) It alleges that Defendants Sparks Finance Co. and Saint Corp. have principal places of business in Nevada, and

Arizona, respectively, and that they do business in Pennsylvania and New York. (*Id*. ¶¶ 6-7.) It alleges that Defendant Francisco Aguilar is domiciled in Minnesota. (*Id*. ¶ 8.) It alleges that Defendant John Doe "are fictitious corporations, partnerships, or persons, doing business in the Commonwealth of Pennsylvania and the State of New York." (*Id*. ¶ 9.) Finally, it alleges that Defendant John Doe is an agent of Defendants Swift Transportation Co., Inc.; Swift Transportation Corp.; Swift Leasing Co., Inc.; Sparks Finance Co., Inc., d/b/a Swift Transportation Co.; and Saint Corp. and that he negligently leased the vehicle in question to Defendant Aguilar, thus causing Plaintiff's injuries. (*Id*. ¶¶ 33-38, 44, 74-78, 81, 111-116, 118, 146-153, 155, 183-189, 192, 210.)

Here, Plaintiff's Complaint fails to sufficiently aver facts showing complete diversity of citizenship. A plaintiff "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and [each] defendant are citizens of different states." *McCraken v. Murphy*, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004) (quoting *American Motorists Ins. Co. v. American Employers' Ins. Co*., 600 F.2d 15, 16 (5th Cir. 1979). "The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction." *Id*. Plaintiff does not allege the citizenship of Defendant John Doe, and thus, does not show that she and Defendant John Doe are citizens of different states. Therefore, Plaintiff fails to establish complete diversity and Defendant John Doe's presence appears to destroy federal diversity jurisdiction.

Diversity jurisdiction cannot be established until a plaintiff has identified in their complaint all John Doe defendants against whom a plaintiff has made sufficient allegations. *See Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir.

1981).  "In determining whether allegations against a Doe defendant are sufficient on their face to destroy diversity, courts have looked for "some clue who the Doe might be, how the Doe might fit into the charging allegations, or how the Doe might relate to other parties." *Abels v. State Farm Fire and Casualty Co.*, 770 F.2d 26, 30 (3d Cir. 1985). John Doe defendants cannot be nominal parties whom the plaintiff cannot realistically receive a judgment against; they must be real parties against whom relief is sought.  *See Pecherski*, 636 F.2d at 1161.  Furthermore, in order to destroy diversity jurisdiction, Plaintiff must allege John Doe's relationship with other parties to the case and must allege more than "catch-all allegations."  *Abels*, 770 F.2d at 30.

In *Abels*, the plaintiff filed an action for recovery of insurance payments against State Farm and ten (10) John Doe defendants.  *Id*. at 31-32.  The complaint alleged that the John Doe defendants were employees of State Farm and processed the plaintiff's insurance claims.  *Id*.  It also alleged that the John Doe defendants took part in "unfair insurance practices specifically enumerated" in a California statute.  *Id*.  The court found that this was specific enough that it could not decide that as a matter of law the "Doe defendants [were] mere 'phantoms' who 'live not and are accused of nothing;'" therefore, their presence destroyed complete diversity.  *Id*.

In *Pecherski*, the plaintiff claimed that he was a victim of negligent medical treatment and named General Motors and Jane Doe defendants.  *Pecherski*, 636 F.2d at 1158.  The complaint alleged that Jane Doe was "an agent and servant of General Motors" and that she "negligently administered a whirlpool treatment."  *Id*.  "As Jane Doe's relation to [General Motors] and her negligence were fully alleged, the court found

that her citizenship could not be disregarded." *Abels*, 770 F.2d at 31 (citing *Pecherski*, 636 F.2d at 1161).

Presently, Plaintiff alleges that Defendants Swift Transportation Co., Inc.; Swift Transportation Corporation; Swift Leasing Co., Inc.; Sparks Finance Co., Inc., d/b/a Swift Transportation Co.; and Saint Corp. employed, hired, and contracted with Defendant John Doe and through him "did negligently, recklessly and carelessly operate, maintain, manage and control" the vehicle in question, causing it to collide with Plaintiff.  (Compl. ¶¶ 33-38, 44, 74-78, 81, 111-116, 118, 146-153, 155, 183-189, 192, Doc. 1.)  Plaintiff alleges that the aforementioned Defendants, through employee John Doe, failed to maintain the vehicle in question "in a proper state of repair including, but not limited to, its braking and steering systems," as well as a laundry list of other offenses, including violations of specific Pennsylvania state statutes.  (*Id*. ¶¶ 47, 84, 121, 158, 194.)  Plaintiff further alleges that Defendant John Doe, as an employee of all aforementioned Defendants negligently leased the vehicle in question to Defendant Aguilar, causing Plaintiff's injuries.  (*Id.* ¶ 210.)  Plaintiff claims in excess of $100,000 in damages against Defendant John Doe.  (*Id*. ¶ 215.)

Like in *Pecherski*, Plaintiff alleges Defendant John Doe's relationship with the other Defendants and fully alleges his negligence.  Plaintiff, like in *Abels*, alleges John Doe's employment by other Defendants and the specific negligent actions for which Plaintiff claims he is liable under Pennsylvania law.  Because of these allegations and Plaintiff's claims of real damages against John Doe, this Court cannot say that Defendant John Doe is a 'phantom' or nominal defendant. Therefore, because Plaintiff has failed to

4

allege diversity of citizenship with John Doe, complete diversity does not exist, and Plaintiff's Complaint will be dismissed.

**NOW**, this  23rd   day of June, 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.  The Clerk of the Court shall mark this case **CLOSED.**

                                                                /s/ A. Richard  Caputo
                                                                A. Richard Caputo
                                                                United States District Judge