**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARIE FRISOF,

Plaintiff,

v.

SWIFT TRANSPORTATION CO., INC., et al,

Defendants.

CIVIL ACTION NO. 3:07-CV-2331

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court are Plaintiff Marie Frisof's motion for reconsideration (Doc. 28) of this Court's Order (Doc. 27) dismissing Plaintiff's Complaint and motion to amend her Complaint (Doc. 29). Plaintiff's motions will be denied because it would be inefficient and unjust for Plaintiff's claim to be litigated in two (2) distinct district courts.

**BACKGROUND**

After she was a victim in a hit-and-run car accident involving a tractor trailer, Plaintiff Marie Frisof filed a Complaint against Defendants Swift Transportation Co., Inc.; Swift Transportation Corp.; Swift Leasing Co., Inc.; Sparks Finance Co., Inc., d/b/a Swift Transportation Co.; Saint Corp; John Doe; and Francisco Aguilar. (Doc. 1.) Plaintiff filed her Complaint in the Middle District of Pennsylvania on December 27, 2007. (Br. in Supp., Doc. 30, at 5.) On the following day, December 28, Plaintiff filed an identical complaint in the Supreme Court of New York. (*Id.*) On February 8, 2008, Plaintiff's New York case was removed to the Eastern District of New York. (*Id*. at 6.) Defendants filed a motion to dismiss based on *forum non conveniens* in the New York matter on April 30,

2008, and Plaintiff indicates that this matter remains unresolved. (*Id.*) On April 28, 2008, Defendants filed a partial motion to dismiss in the instant action, but on June 23, 2008, this Court dismissed Plaintiff's Complaint for lack of jurisdiction because the presence of a John Doe Defendant destroyed complete diversity. (Doc. 27.) On June 27, 2008 Plaintiff filed a motion for reconsideration of this decision and a motion to amend her Complaint.

## LEGAL STANDARD

### I. Motion to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave

sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *See Heyl*, 663 F.2d at 425; *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). Merely claiming prejudice, however, is not enough to prevent the leave from being granted. *See Heyl*, 663 F.2d at 426. The non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [moving party's] amendments been timely." *Id.* When the motion for leave to amend is made before trial begins, prejudice *vel non* generally turns on whether the non-moving party would be able, without undue burden, to conduct any additional discovery necessitated by the amendment. *See, e.g., Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (possibility that some additional discovery would be required was not unduly prejudicial).

**II. Motion for Reconsideration**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café,*

*by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

### I. Motion to Amend

According to Federal Rule of Civil Procedure 21(a), "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." While a Plaintiff may remove a dispensible nondiverse defendant after judgment has been rendered in order to create complete diversity, the decision to allow amendment in this circumstance is within the discretion of the court. *See Publicker Industries, Inc. v. Continental Distilling Corp.*, 605 F.2d 1065, 1069 (3d Cir. 1979); *see also Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 692 (4th Cir. 1978); *Foman*, 371 U.S. at 182. "It is not a matter (of) right that a party can be dropped at the mere desire of the plaintiff." *Caperton*, 585 F.2d at 692; *Weaver v. Marcus*, 165 F.2d 862, 864 (4th Cir. 1948). While a court should grant leave to amend liberally and freely, courts should deny leave to amend where the amendment would be

unjust. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). Factors to be considered in determining whether amendment would be unjust include, but are not limited to: undue delay, bad faith, futility, and the touchstone factor in the Third Circuit, prejudice to the non-moving party. *Id*. at 204 (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Foman*, 371 U.S. at 182), and *Cornell & Co. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

Presently, Plaintiff, in order to keep her case in federal court, seeks to amend her Complaint to exclude the John Doe Defendant and manufacture complete diversity. I find that it would be unjust to allow Plaintiff to amend her Complaint, and thus, Plaintiff's motion to amend will be denied. Plaintiff inexplicably filed her Complaint in two different courts: the United States District Court for the Middle District of Pennsylvania and the Supreme Court of New York. Currently, due to Defendant's removal to the Eastern District of New York, Plaintiff's single claim is being litigated in two (2) different United States District Courts, and it appears that Plaintiff is attempting to receive two decisions on the same dispute. Plaintiff, by pointing out the manifest injustice that would occur should both courts dismiss the Complaint, has served only to highlight the injustice and inefficiency that is occurring because the same claim is being adjudicated twice.

The Eastern District of Pennsylvania, via *Williams v. Gilkey*, addressed a situation in which identical claims were brought in both state and federal court. Civ. A. No. 95-4598, 1995 WL 574342, at *1 (E.D. Pa. Sept., 26 1995). While Plaintiff's case involves two (2) identical claims in two (2) federal courts, the issues and concerns raised are similar. In *Williams*, the Court was concerned that because, due to issue preclusion, the

decisions of one court would bind the parties in the subsequent litigation, and the parties would attempt to expedite or stall proceedings in one forum in order to have the case tried in a forum more advantageous to their case. *Id*. at *2. As the court correctly noted, allowing both claims to proceed would be a great waste of judicial resources. *Id*. The court refused to grant Plaintiff's motion to stall proceedings until the state court action was completed, and dismissed the case with prejudice. *Id*. at *3.

Like in *Williams*, it is a waste of the courts' valuable resources to allow Plaintiff's case to proceed in two different district courts. It makes little sense to continue litigating in both district courts because the first final judgment which is made will likely have preclusive effect on the other court. Furthermore, as to Plaintiff's argument that unless she is allowed to amend, manifest injustice will occur because both courts could dismiss her claim, should this Court dismiss her Complaint, the Middle District of Pennsylvania would no longer be a viable forum in which to litigate, and therefore, *forum non conveniens* would not apply to her pending claim in the Eastern District of New York, making dismissal of the case unlikely. *See First Colonial Ins. Co., v. Custom Flooring, Inc.*, Civ. A. No. 06-3998(NLH), 2007 WL 1651155, at *4 (D.N.J. June 4, 2007). Because Plaintiff's claim was properly dismissed for lack of jurisdiction, and allowing amendment would cause this claim to be litigated twice, thus prejudicing Defendants and causing injustice and judicial inefficiency, I will deny Plaintiff's motion to amend her Complaint.

## II. Motion for Reconsideration

A motion for reconsideration must present: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court

granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Plaintiff claims that it was unfair for this Court to dismiss her Complaint sua sponte without providing her with notice to present her case. Plaintiff does not challenge the Court's application of the law, but makes an argument for reconsideration based on prevention of manifest injustice by presenting evidence of the legal proceedings which are currently occurring in the Eastern District of New York. Plaintiff argues that because the applicable statute of limitations for her present claims has expired, and because her Complaint is in danger of being dismissed in both New York and Pennsylvania, it is unjust for this Court to dismiss her claim. As discussed above, justice does not require this Court to allow Plaintiff to amend her complaint. Rather, it requires that this case be dismissed and continue to be litigated in only one court. Therefore, I will deny Plaintiff's motion for reconsideration.

**CONCLUSION**

For the reasons stated above, I will deny Plaintiff's motion to amend her Complaint and her motion for reconsideration.

An appropriate Order follows.

July 28, 2008
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIE FRISOF,<br><br>Plaintiff<br><br>v.<br><br>SWIFT TRANSPORTATION CO., INC., et al,<br><br>Defendants. | NO. 3:07-CV-2331<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this ___28___ day of July, 2008, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 28) and motion to amend her Complaint (Doc. 29) are **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge